UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL TONNEMACHER and KATHLEEN TONNEMACHER,<br><br>        Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; STATE OF IDAHO; STATE OF WASHINGTON; COUNTY OF KITTITAS, WASHINGTON; COUNTY OF BONNER, IDAHO; COUNTY OF PLACER, CALIFORNIA; US SOCIAL SECURITY; APPLE HEALTH; WASHINGTON SUPERIOR COURT, ELLENSBURG; PRESTIGE-POST ACUTE CARE; PRUDENTIAL INSURANCE; and DOES ONE THRU 20, US CITIZENS AS INDIVIDUALS,<br><br>        Defendants. | NO. 1:19-CV-3209-TOR<br><br>ORDER DENYING MOTION TO RECONSIDER; DENYING AS MOOT REQUEST TO APPOINT COUNSEL |

BEFORE THE COURT is Plaintiffs' Motion to Reconsider and to Appoint Counsel (ECF No. 6). The Court has reviewed the record and files herein, and is fully informed. As discussed below, Plaintiffs' Motion (ECF No. 6) is **denied**.

ORDER DENYING MOTION TO RECONSIDER; DENYING AS MOOT REQUEST TO APPOINT COUNSEL ~ 1

1  "Reconsideration is appropriate if the district court (1) is presented with
2  newly discovered evidence, (2) committed clear error or the initial decision was
3  manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch.*
4  *Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins.*
5  *Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may
6  also be other, highly unusual, circumstances warranting reconsideration." *School*
7  *Dist. No. 1J*, 5 F.3d at 1263.

8  The Court recently dismissed Plaintiffs' case without prejudice because
9  Plaintiffs have not paid a filing fee and have not otherwise attained *in forma*
10 *pauperis* status to avoid such payment. ECF No. 4. Plaintiffs maintain that they
11 have filed IFP papers, ECF Nos. 3 at 1; 6 at 1, but there is no application in the
12 record for this case. As discussed in the Order dismissing Plaintiffs' case,
13 Plaintiffs have submitted (deficient) applications to proceed *in forma pauperis* in
14 other actions, but Plaintiff must submit a current application for this case to
15 proceed *in forma pauperis*. ECF No. 4 at 2-4.

16 As noted before, parties filing actions in the United States District Court are
17 required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without
18 the immediate payment of a filing fee only upon granting of *in forma pauperis*
19 status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in
20 dismissal of these actions without prejudice. *See Olivares v. Marshall*, 59 F.3d

109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees). This is a matter of statutory law, not as a matter of bias, as Plaintiffs baldly allege. ECF No. 6 at 1. The Court is simply following the requirement set by Congress that the parties bringing an action must pay the filing fee or otherwise demonstrate they are entitled to proceed *in forma pauperis*.

Plaintiffs are reminded once again that the Court must also screen any complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). The court must dismiss the case if the court determines it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Failure to establish jurisdiction of the court also means that the claim fails to state a claim upon which relief may be granted.

Plaintiffs request the Court send "all forms to fill out." ECF No. 6 at 1. The application to proceed *in forma pauperis* is located on the website for the Eastern District of Washington and can be found at:

https://www.waed.uscourts.gov/sites/default/files/forms/ao240.pdf

Plaintiffs are encouraged to review their Complaint in light of the Court's obligation to screen actions that do not establish the jurisdiction of this court,

properly fill out the application for *in forma pauperis* for each Plaintiff and refile an action in the proper court.

Given the above disposition, the request to appoint counsel is **denied as moot**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Reconsider and to Appoint Counsel (ECF No. 6) is **DENIED**.  No further filings will be entertained in this **CLOSED** case.

The District Court Executive is directed to enter this Order, furnish copies to Plaintiffs.  The file is to remain **CLOSED**.

**DATED** November 21, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO RECONSIDER; DENYING AS MOOT REQUEST TO APPOINT COUNSEL ~ 4